## BIRDSALL v. ROSE.

By force of the statute, a meadow-owner cannot acquire the exclusive right to the possession of the bed of the creek or water-course running through his lands, unless he plants, or intends to forthwith plant, oysters or clams therein; his merely staking off such place will confer no right.

On rule to show cause.

Argued at June Term, 1884, before BEASLEY, CHIEF JUSTICE, and Justice SCUDDER.

For the plaintiff, *Mark R. Sooy*.

For the defendant, *Jos. H. Gaskill*.

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. This suit was in consequence of an alleged trespass upon grounds in which the plaintiff claimed the exclusive right to plant oysters.

The plaintiff's contention was that he was the owner of meadow lands on both sides of a navigable creek, and that, by staking off the bed of such creek lying between his lands, he thereby became entitled to the possession of the water and the land under it, for his own use, as an oyster bed. This title was founded on the act of March 9th, 1855, which reads as follows, viz.: "That it shall and may be lawful for any person or persons owning marsh or meadow lands within this state, within the boundaries of which there shall be creeks,

ditches or ponds, wherein clams and oysters do or will grow, to lay or plant clams and oysters therein, for the use and benefit of such owners, and for the preservation of which he is to properly stake off such clam and oyster ground as not to interfere with the passing and repassing of vessels, but sufficient to designate where the same are planted." *Rev., p.* 139.

The right given by this act is plainly described by its terms; it is the right to take the usufruct of the bed of the public water-courses, within defined limits, for the single purpose of the propagation of oysters and clams. For the protection of such right, and as a notification to all persons interested, it requires the meadow-owner to mark off the appropriated tract, so as "to designate where the same are planted." This staking off confers no right; its office is to declare to the public the extent of the bed taken and planted by the land-owner. To make title under this statute, the meadow owner must do two things—he must plant the bed and then stake it off. Until both these acts are done, he has no right to an exclusive possession of the premises. If he should be prevented from exercising this privilege given by the act, by any person who was aware of his design to exercise, forthwith, such privilege, it would seem that he would have his redress for such interference by an action on the case. But, as already stated, he cannot put himself in the legal possession of such premises except by planting and staking the bed.

It follows, from this view of the law, that the plaintiff's case, at the trial, was radically deficient. There was no proof whatever, tending to show that the plaintiff had ever planted the *locus in quo*, or entertained any purpose so to do. All that appeared in the evidence was that he staked off the bed in question  There must be a new trial.

In addition to this defect, I am inclined to think that the attempted designation of the *locus* by stakes was not a compliance with the statute. As I understand, it was admitted, in the case, that the boundaries thus designated embraced parts of the water-course that were outside of the plaintiff's claim. Such a notification would not, in any reasonable sense,

be the staking off called for by the statute, for it would not designate the place where the oysters were planted, under the land-owner's claim of possession. Its obvious effect would be to mislead persons interested, and would thus be prejudicial to the interest of the public. The land-owner in this matter must bring himself plainly within the provisions of the act, as it is intended to confer upon him a particular interest, in derogation of the common right.

A new trial is granted.